UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. TYLER, <br><br> Petitioner, <br><br> v. <br><br> DOMINGO URIBE, JR., Warden, <br><br> Respondent. | Case No. CV 11-1264 JC <br><br> MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING ACTION WITH PREJUDICE |

**I.  SUMMARY**

On February 10, 2011, Anthony L. Tyler ("petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.  Petitioner claims he is entitled to habeas relief because his conviction for second degree robbery was not supported by sufficient evidence of his intent to permanently deprive the victim of her property.  (Petition at 5).

On June 20, 2011, respondent filed a Return to the Petition and a supporting memorandum ("Return").[1]  Petitioner did not file a Reply.

---

[1] Respondent concurrently lodged multiple documents in support of the Return ("Lodged Doc."), including the Clerk's Transcript ("CT"), the Supplemental Clerk's Transcript and the Reporter's Transcript ("RT").

IT IS HEREBY ORDERED, for the reasons discussed below, that the Petition is denied and that this action is dismissed with prejudice.[2]

## II. PROCEDURAL HISTORY

On July 22, 2008, a Los Angeles County Superior Court jury convicted petitioner of committing simple assault and second degree robbery. (CT 192-93, 196-98; RT 2708-10). On November 18, 2008, the trial court sentenced petitioner to a total of eleven years in state prison. (CT 227-32; RT 3027-31).

On March 3, 2010, the California Court of Appeal affirmed the judgment in a reasoned decision. (Lodged Doc. 7). On May 12, 2010, the California Supreme Court denied review without comment. (Lodged Doc. 9).

## III. FACTS[3]

### A. The Prosecution Evidence

On December 31, 2007, petitioner had a prearranged meeting with S.C., a woman he had been dating since 2005. S.C. had just ended her relationship with petitioner, and the two met to exchange their personal belongings. After meeting S.C. at a parking lot in an industrial park, petitioner reached into S.C.'s car and took a padlock that belonged to her. When S.C. told him to return it, petitioner responded, "Give me my stuff first." She then walked over to petitioner and told him, "Give me my stuff so I can leave."

As S.C. walked back to her car, she accidently hit one of his tires and bent down to inspect her toe. Petitioner accused S.C. of trying to slash his tires and advanced on her. S.C. tried to enter her car, but petitioner pulled her out, punched her multiple ties in her head and upper body, grabbed her cell phone out of her hand, and tossed it onto a freeway off-ramp. S.C. ran to retrieve her cell phone

---

[2]The parties have consented to proceed before the undersigned Magistrate Judge.

[3]The facts set forth are drawn from the California Court of Appeal's decision on direct appeal. (Lodged Doc. 7). Such factual findings are presumed correct. 28 U.S.C. § 2254(e)(1).

and attempted to dial 911.  However, petitioner dragged her back to the parking lot, hit her numerous times, and again took S.C.'s cell phone from her.  Petitioner placed the cell phone in his pocket, returned to his car, and drove away.

Nine days later, petitioner contacted S.C. and apologized.  The two reconciled, and petitioner returned S.C.'s cell phone to her.

### B. The Defense Evidence

At trial, petitioner testified that on the day of the incident, S.C. sent him a text message threatening to burn his belongings, followed him when he drove away, blocked his car in a parking lot, slashed his back tire, and attacked him with a knife.  Petitioner testified he punched S.C. in order to defend himself and denied ever seeing, throwing, or taking S.C.'s cell phone.

## IV.  STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A federal court may not grant an application for writ of habeas corpus on behalf of a person in state custody with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:  (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).[4]

---

[4]The California Supreme Court's denial of review without comment is generally presumed to constitute an adjudication on the merits of any federal claims, thereby subjecting such claims to review in federal habeas proceedings.  See Harrington v. Richter ("Richter"), 131 S. Ct. 770, 784-85 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."); Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th Cir. 1992) (California Supreme Court's

(continued...)

3

"[C]learly established Federal law" refers to "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). In the absence of a Supreme Court decision that "squarely addresses the issue" in the case before the state court, Wright v. Van Patten ("Van Patten"), 552 U.S. 120, 125 (2008), or establishes an applicable general principle that "clearly extend[s]" to the case before a federal habeas court to the extent required by the Supreme Court in its recent decisions, Van Patten, 552 U.S. at 123; see also Panetti v. Quarterman, 551 U.S. 930, 953 (2007); Carey v. Musladin ("Musladin"), 549 U.S. 70, 76 (2006), a federal habeas court cannot conclude that a state court's adjudication of that issue resulted in a decision contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Moses v. Payne, 555 F.3d 742, 760 (9th Cir. 2009) (citing Van Patten, 552 U.S. at 126).

"Under § 2254(d), a habeas court must determine what arguments or theories supported, . . . or could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Richter, 131 S. Ct. at 786. This is "the only question that matters under § 2254(d)(1)." Id. (citation and internal quotations omitted). Habeas relief may not issue unless "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the United States Supreme Court's] precedents." Id. at 786-87 ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an

---

[4](...continued)
unexplained denial of habeas petition constitutes decision on the merits of federal claims subjecting such claims to review in federal habeas proceedings), cert. denied, 510 U.S. 887 (1993).

4

error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

In applying the foregoing standards, federal courts look to the last reasoned state court decision. See Davis v. Grigas, 443 F.3d 1155, 1158 (9th Cir. 2006) (citation and quotations omitted). "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); see also Gill v. Ayers, 342 F.3d 911, 917 n.5 (9th Cir. 2003) (federal courts "look through" unexplained rulings of higher state courts to the last reasoned decision).

## V. DISCUSSION

Petitioner claims he is entitled to federal habeas relief because his conviction for second degree robbery is unsupported by sufficient evidence, resulting in a violation of due process. (Petition at 5). In support of this claim, petitioner asserts that his act of returning S.C.'s cell phone nine days after taking it from her demonstrates he lacked a specific intent to permanently deprive S.C. of her property. (Petition at 5). The California Court of Appeal – the last state court to issue a reasoned decision addressing this claim – rejected the claim on its merits. (Lodged Doc. 7 at 3-5). After conducting an independent review of the record,[5] the Court concludes that petitioner is not entitled to federal habeas relief on this claim.

### A. Standards Governing Review of Sufficiency of the Evidence Claims

When reviewing a habeas petition, the Court's inquiry into the sufficiency of evidence is limited. Evidence is sufficient unless the charge was "so totally

---

[5]The Court must conduct an independent review of the record when a habeas petitioner challenges the sufficiency of the evidence. See Jones v. Wood, 114 F.3d 1002, 1008 (9th Cir. 1997).

5

devoid of evidentiary support as to render [petitioner's] conviction unconstitutional under the Due Process Clause of the Fourteenth Amendment." Fish v. Cardwell, 523 F.2d 976, 978 (9th Cir. 1975), cert. denied, 423 U.S. 1062 (1976) (citations and quotations omitted). The standard of review on a sufficiency of the evidence claim has long been whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); see also Wright v. West, 505 U.S. 277, 284 (1992); Gonzalez v. Knowles, 515 F.3d 1006, 1011 (9th Cir. 2008); Schell v. Witek, 218 F.3d 1017, 1023 (9th Cir. 2000) (en banc) (each discussing Jackson standard for sufficiency of evidence claims). The Court must respect the province of the trier of fact to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts by assuming that the trier of fact resolved all conflicts in a manner that supports the finding of guilt. Jones v. Wood, 114 F.3d 1002, 1008 (9th Cir. 1997) (citation and quotations omitted); see also United States v. Stanton, 501 F.3d 1093, 1099 (9th Cir. 2007) (discussing deference owed to jury determinations).

On federal habeas review, relief may be afforded on a sufficiency of the evidence claim only if the state court's adjudication of such claim involved an unreasonable application of Jackson to the facts of the case. Juan H. v. Allen, 408 F.3d 1262, 1274-75 (9th Cir. 2005) (as amended), cert. denied, 546 U.S. 1137 (2006). The California standard for determining the sufficiency of evidence to support a conviction is identical to the federal standard enunciated by the United States Supreme Court in Jackson. People v. Johnson, 26 Cal. 3d 557, 576 (1980).

Sufficiency of the evidence claims are judged by the elements defined by state law. Jackson, 443 U.S. at 324 n.16.

///
///

**B. Second Degree Robbery**[6]

"Robbery is essentially larceny aggravated by use of force or fear to facilitate the taking of property from the person or presence of the possessor. Robbery requires the specific intent to deprive the victim of his or her property permanently. The taking of the property of another is not theft absent this intent. The specific intent with which an act is performed is a question of fact." In re Albert A., 47 Cal. App. 4th 1004, 1007-08 (1996) (citations omitted); Cal. Penal Code § 211.

The intent to permanently deprive an owner of property may be inferred from the circumstances of the case. People v. Hall, 253 Cal. App. 2d 1051, 1054 (1967) (citations omitted). Included in this determination is whether the defendant sought to destroy the subject property. People v. Green, 27 Cal. 3d 1, 57 (1980), abrogated on other grounds by People v. Martinez, 20 Cal. 4th 225, 234-38 (1999). In determining whether a defendant possessed the intent to permanently deprive the owner of his or her property, the relevant inquiry is whether the defendant had such an intent *at the time of the taking, irrespective of what the defendant subsequently does with the property*. See People v. Carroll, 1 Cal. 3d 581, 584 (1970) ("[T]he taking of [the victim's] wallet constituted a robbery even though defendant discarded it as soon as he discovered it was empty. It may reasonably be inferred that at the time defendant demanded and received the wallet it was his intention to deprive the owner of it permanently."). "[T]he return of property previously taken does not compel the conclusion that a defendant intended only to temporarily deprive the owner of the property." In re Albert A., 47 Cal. App. 4th at 1008 (citation omitted). Indeed, "once there has been a taking,'it is no defense that the property taken was restored, even though this occurs almost immediately.'" People v. Hill, 17 Cal. 4th 800, 852 (1998).

---

[6] Robberies are classified as being in the second degree absent circumstances not present in this case. Cal. Penal Code § 212.5(c).

### C. Analysis

Petitioner contends that the evidence was insufficient to establish that he intended to permanently deprive S.C. of her cell phone. He does not otherwise challenge the sufficiency of the evidence on his robbery conviction. As the evidence presented was sufficient to persuade a rational trier of fact that petitioner intended permanently to deprive S.C. of her cell phone at the time of the robbery, and as the California courts' adjudication of petitioner's claim did not involve an unreasonable application of governing federal law to the facts of this case, petitioner is not entitled to federal habeas relief.

In the present case, petitioner struck S.C. multiple times, grabbed her cell phone from her hand, and threw it onto a freeway off-ramp. (RT 980-81). When S.C. managed to retrieve her cell phone, petitioner hit her again, grabbed the cell phone from her, and placed it in his pocket. (RT 980-85). Petitioner then left the area alone and kept the cell phone for nine days. (RT 987, 1204-05, 1208-10).

Whether or not petitioner intended to permanently deprive S.C. of her property at the time of the theft was a question of fact for the jury. In re Albert A., 47 Cal. App. 4th at 1008; People v. DeLeon, 138 Cal. App. 3d 602, 606 (1982). In light of the evidence, the jury could reasonably have concluded that at the time petitioner took S.C.'s cell phone, he intended to permanently deprive her of it based on his attempt destroy the cell phone and his decision to place it in his pocket before leaving the scene. Petitioner's subsequent restoration of the cell phone to S.C. does not negate the rational inference that he intended to permanently deprive S.C. of her cell phone when he originally stole it. See In re Albert A., 47 Cal. App. 4th at 1008-09 (robber's stated intent to return the victim's bicycle upon the victim's return of the robber's property did not compel the conclusion that the robber only temporarily intended to keep the bicycle); DeLeon, 138 Cal. App. 3d at 606 (robbers' abandonment of stolen property did not mean they intended only to deprive the owner of it temporarily); People v. Kranhouse,

8

265 Cal. App. 2d 440, 450 (1968) ("The fact that the property, or some of it, was returned is no defense to the charge of grand theft."); <u>Hall</u>, 253 Cal. App. 2d at 1054 (robber's return of wallet immediately after searching through it did not absolve him of committing robbery).

By finding petitioner guilty, the jury necessarily resolved the question of petitioner's intent against him by rejecting his testimony that he did not see or take S.C.'s cell phone. Implicit in the verdict is the jury's assessment that S.C.'s account of petitioner's attack and robbery was credible and that petitioner's actions evinced an intent to permanently dispossess S.C. of her property at the time of the robbery, thus resolving any evidentiary conflicts in favor of the prosecution. <u>See</u> <u>Wright v. West</u>, 505 U.S. at 296-97. On federal habeas review, it is not the province of this Court to reweigh the evidence, redetermine witness credibility, or resolve evidentiary conflicts. <u>See</u> <u>Jones</u>, 114 F.3d at 1008.

Given the facts of this case, the California Court of Appeal's rejection of petitioner's sufficiency of the evidence claim was a reasonable construction of the evidence and was not contrary to or an objectively unreasonable application of clearly established federal law. Accordingly, petitioner fails to establish his entitlement to habeas relief.

## VI. ORDERS

IT IS THEREFORE ORDERED that the Petition is denied and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: July 27, 2011

                                                /s/

                               Honorable Jacqueline Chooljian
                               UNITED STATES MAGISTRATE JUDGE